UNITED STATES DISTRICT COURT
for the
<u>Western District of Kentucky</u>
<u>Louisville Division</u>

| | |
|---|---|
| Charles Jones )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>Portfolio Recovery Associates, LLC )<br>    *Defendant* )<br>Serve: )<br> )<br>    Corporation Service Company )<br>    2711 Centerville Road, Suite 400 )<br>    Wilmington, DE 19808 )<br>    _____) | Case No. 3:16-cv-768-TBR |

**<u>COMPLAINT</u>**

**INTRODUCTION**

1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA").

2.    Defendant Portfolio Recovery Associates, LLC ("PRA") violated the FDCPA by abusing the legal process to obtain a judgment against Plaintiff Charles Jones, by attempting to collect court costs to which it had no legal right to recover from him, and by continuing to contact him by phone after being put on clear and plain notice that Mr. Jones was represented by counsel.

**JURISDICTION**

3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FDCPA, 15 U.S.C. §1692k(d), and the EFTA, 15 U.S.C. § 1693m(g).

**PARTIES**

4.    Plaintiff Charles Jones is a natural person who resides in Jefferson County, Ky. Mr. Jones is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5.    Defendant Portfolio Recovery Associates, LLC ("PRA") is a limited liability company which has registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6. PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). PRA is also a furnisher of information within the meaning of the FCRA.

## STATEMENT OF FACTS

7. Defendant Portfolio Recovery Associates, LLC contacted Mr. Jones in an attempt to collect a debt from him, which was a charged-off credit card debt originated by GE Capital Retail Bank as an HHGregg branded credit card.

8. The HHGregg credit card debt was incurred for personal, family, or household purposes, which makes the HHGregg credit card debt a "debt" within the meaning of the FDCPA.

9. Mr. Jones and PRA reached an agreement to settle PRA's claim.

10. Mr. Jones agreed to pay PRA $500.00 at $100.00 per month to be deducted directly from his bank account.

11. The deductions were to start in June 2013 and end in October 2013.

12. Mr. Jones does not recall and has no records of being presented with or signing an agreement allowing PRA to deduct the $100.00 from his bank account.

13. Per their agreement, PRA deducted $100.00 a month from his bank account rom June 2013 through October 2013.

14. Contrary to the terms of their agreement, PRA deducted $100.00 from Mr. Jones' bank account in November 2013.

15. Mr. Jones had to close his bank account and open a new account in order to stop the unauthorized deductions from his bank account.

16. On January 19, 2016, PRA filed suit against Plaintiff Charles Jones in Jefferson District Court, Case No. 15-C-013366, in an attempt to collect the HHGregg credit card debt from Mr. Jones.

17. A true and accurate copy of PRA's state court complaint is attached as Exhibit "A."

18. PRA's complaint alleged that Mr. Jones was indebted to PRA in the amount of $2,803.34:

DEFENDANT

## COMPLAINT

* * * * * * * * * *

Comes the Plaintiff by counsel, and for its cause of action against the Defendant states as follows:

1. At the specific instance and request of the Defendant, a credit account was issued to Defendant with respect to account number ************1944.

2. PORTFOLIO RECOVERY ASSOCIATES, LLC purchased this account on September 21, 2012 from GE CAPITAL RETAIL BANK / GENERAL ELECTRIC CAPITAL CORP / HH GREGG.

3. Defendant has failed to pay the Plaintiff the remaining balance of its account in the sum of $2,803.34. An Affidavit is attached hereto.

WHEREFORE, Plaintiff respectfully demands Judgment as follows:

1. For the sum of $2,803.34, net of any credits;

2. Costs expended herein;

3. Any and all other relief to which the Plaintiff may appear entitled;

4. Plaintiff hereby waives pre and post-judgment interest.

19. Mr. Jones filed a timely answer *pro se* that denied all of the allegations in PRA's complaint.

20. In July 2016, Mr. Jones checked his consumer credit report from Equifax.

21. Mr. Jones' Equifax credit report included negative credit information furnished by PRA in connection with the HHGregg credit card.

22. The negative information furnished by PRA listed a high credit amount of $3,603.00 and a current balance due of $3,027.00.

23. On or about August 15, 2016, PRA moved for summary judgment against Mr. Jones.

24. A true and accurate copy of PRA's motion for summary judgment is attached as Exhibit "B."

25. PRA's motion for summary judgment was based solely on Mr. Jones' alleged failure to respond to PRA's requests for admissions:

> 3. On April 8, 2016, Plaintiff mailed Interrogatories and Request for Admissions pursuant to Rule 56 of the Kentucky Rules of Civil Procedure to the Defendant. *See attached Exhibit A.*
>
> 4. The Defendant has failed to answer the interrogatories or to deny or otherwise object to the admissions within the required thirty days. Therefore all admissions are deemed admitted.
>
> 5. Defendant acknowledges liability and being indebted to the Plaintiff in the amount of $3,603.34.

26. Mr. Jones never received PRA's discovery requests as falsely alleged in ¶3 of PRA's motion for summary judgment.

27. The Jefferson District Court improperly and in clear violation of applicable Civil Rules of Procedure,[1] entered judgment against Mr. Jones just *two days* after PRA filed its motion for summary judgment.

28. A true and accurate copy of the Summary Judgment is attached as Exhibit "C."

29. The Summary Judgment provides in pertinent part:

---

[1] The Jefferson District Court local rules of civil procedure provide in pertinent part:

> Motions to dismiss, motions for summary judgment and motions for judgment on the pleadings shall not be noticed for hearing; but, where appropriate, shall be filed along with affidavits, exhibits, and/or a memorandum of authorities. Opposing party's response time *shall be* twenty (20) days from the certification date on the motion. At the expiration of the twenty (20) day period, either party may submit the case for final adjudication by issuing AOC Form 280 "Notice of Submission of Case for Final Adjudication." Counsel, or the Court on its own motion, may request oral argument.

KY R JEFFERSON DIST CT Rule 304(D) (emphasis added).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

This matter having come before this court by motion of the Plaintiff, Portfolio Recovery Associates, LLC, and the Court being fully and sufficiently advised;

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment is hereby granted and IT IS ORDERED that judgment be, and hereby is, entered in favor of Plaintiff and against Defendant in the amount of $3,603.34, plus the costs of this action.

_____        _____
DATE                                              JUDGE

    30.    The Summary Judgment awards PRA $3,603.34, which is $800.00 *more* than is demanded in PRA's complaint.

    31.    PRA drafted and filed the above Summary Judgment as a proposed order that it attached to its motion for summary judgment.

    32.    On August 22, 2016, Mr. Jones moved to vacate the judgment against him on grounds that PRA falsely represented to the court that it had served discovery requests upon him.

    33.    PRA did not respond to the motion.

    34.    On November 17, 2016, the Jefferson District Court denied Mr. Jones' motion.

    35.    On October 7, 2016, PRA filed a Bill of Costs in the Jefferson District Court action.

    36.    A true and accurate copy of PRA's Bill of Costs is attached as Exhibit "D."

    37.    PRA's Bill of Costs provides in pertinent part:

| | |
|---|---|
| Portfolio Recovery Associates, LLC | PLAINTIFF |
| VS. | |
| CHARLES JONES | DEFENDANT |

Judgment having been entered on the above-entitled action on the 16th day of August, 2016, in favor of [X] Plaintiff [ ] Defendant, the following shall be taxed as costs:

| | |
|---|---|
| Filing fee | $ 302.00 |
| Fees incident to serving of process and summoning of witnesses | $ 160.00 |
| Jury fees | $ |
| Fee for warning order attorney | $ |
| Guardian ad litem fees | $ |
| Costs of originals of deposition(s) | $ |
| Fees for extraordinary services order to be paid by the court | $ |
| Commissioners fees | $ |
| Other ordinarily recoverable costs (please itemize) | $ |
| | $ |
| | $ |
| | $ |
| TOTAL | $ 462.00 |

38. The filing fee for Jefferson District Court is $75.50.[2]

39. PRA served Mr. Jones by Deputy Sheriff. The fee for service by Deputy Sheriff is $40.00.[3]

40. Consequently, PRA grossly overstated the amount of its actual costs in its Bill of Costs by $346.50. This means in total, the Summary Judgment awards PRA $1,146.50 more than PRA had any legal right to recover from Mr. Jones. ($346.50 in unjustifiable court costs plus $800.00 awarded in the Summary Judgment in excess of the amount demanded in PRA's complaint.)

41. The Jefferson District Clerk entered PRA's Bill of Costs.

42. Under Kentucky law, if no exception to a Bill of Costs is filed, the court clerk automatically endorses the amount of costs submitted by the prevailing party. Ky. Civ. R. P. 54.04(2).

43. PRA's RFA's improperly asked Mr. Jones to admit facts that he expressly denied in his answer.

44. In particular, the RFA's asked as follows:

---

[2] http://courts.ky.gov/courts/Jefferson/CivilDistrict/Pages/CostsFeesPayments.aspx (visited December 2, 2016).
[3] *Id.*

> 6. That the Defendant is indebted to the Plaintiff in the amount of $2,803.34 representing the balance due and owing for charges made by the Defendant or others authorized by the Defendant to make such charges on the subject account plus interest, attorneys fees and costs of this action as stated in the Plaintiff's complaint.
>
> ADMIT _____    DENY _____

45. In his answer, Mr. Jones expressly denied that he was indebted to PRA.

46. In addition to asking Mr. Jones to admit to a fact that he expressly denied in his answer, Request for Admission No. 6 asked Mr. Jones to admit to a fact that PRA could not reasonably believe that Mr. Jones would or could know, *i.e.* whether PRA owned the debt at issue and that Mr. Jones was indebted to PRA.

47. Further, RFA No. 6 asked Mr. Jones to admit that he was indebted in the amount of $2,803.34. But in its motion for summary judgment, PRA falsely alleged that Mr. Jones had admitted to being indebted to in the amount of $3,603.34:

> 3. On April 8, 2016, Plaintiff mailed Interrogatories and Request for Admissions pursuant to Rule 56 of the Kentucky Rules of Civil Procedure to the Defendant. *See attached Exhibit A.*
> 4. The Defendant has failed to answer the interrogatories or to deny or otherwise object to the admissions within the required thirty days. Therefore all admissions are deemed admitted.
> 5. Defendant acknowledges liability and being indebted to the Plaintiff in the amount of $3,603.34.

Exhibit "B."

48. Consequently, Request for Admission No. 6 was a blatant misuse of request for admissions under Kentucky law. *McGiboney v. Bd. of Ed. of Middlesboro*, 387 S.W.2d 869, 872

(Ky. 1965) (citing *Driver v. Gindy Mfg. Corp.*, 24 F.R.D. 473 (E.D. Pa. 1959)) (holding that request for admissions under CR 36.01 "may not be employed as a substitute for discovery or for eliciting evidence").

49. After the Jefferson District Court denied Mr. Jones' motion to vacate the judgment against him, Mr. Jones retained undersigned counsel to represent him in connection with PRA and the HHGregg credit card debt.

50. PRA contacted Mr. Jones and Mr. Jones' spouse after Mr. Jones retained counsel.

51. Mrs. Jones unequivocally told the PRA representative or employer who contacted her about the HHGregg credit card debt that Mr. Jones was represented by counsel and asked the PRA employee or representative not to contact her or Mr. Jones about the debt anymore.

52. PRA called Mr. or Mrs. Jones at least three times in an attempt to collect the HHGregg credit card debt *after* being told that Mr. Jones was represented by counsel.

53. PRA violated the FDCPA by **(i)** moving for summary judgment seeking $800.00 more than it demanded in its state-court collection complaint; **(ii)** falsely representing to the Jefferson District Court that Mr. Jones had not responded to PRA's RFA's, when in fact PRA never served the RFA's on Mr. Jones; **(ii)** attempting to collect a debt through a means that it could not legally take to collect the debt, *i.e.* moving for summary judgment based on the false premise that Mr. Jones had not responded to its RFA's and demanding $800.00 more in summary judgment than it demanded in its complaint; **(iv)** misusing requests for admissions as a discovery device or as a means to elicit evidence; **(iv)** unfairly serving requests for admissions that asked Mr. Jones to admit to facts that he expressly denied in his answer; **(v)** moving for summary judgment using improper request for admissions as a basis for the court to grant judgment in its favor; **(vi)** furnishing false negative credit information about Mr. Jones and the HHGregg credit card debt to one or more consumer reporting agencies; and **(vii)** filing a Bill of Costs that greatly and grossly overstated the actual amount of PRA's costs.

## CLAIMS FOR RELIEF

**I.     FDCPA Violations**

54. The foregoing acts and omissions of Portfolio Recovery Associates, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

**II.     Violations of the EFTA**

55. PRA violated 15 U.S.C. § 1693e by making preauthorized electronic transfers from

Mr. Jones' bank account without a written authorization in place and by making unauthorized electronic transfers from Mr. Jones' bank account.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Charles Jones requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Ave.
Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com